IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| NICOLE CASHELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 5:24-CV-409 (CAR) |
| | : | |
| HOWARD SHEPPARD INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER ON MOTION FOR EXTENSION OF TIME AND
TO APPOINT COUNSEL**

Currently before the Court is *pro se* Plaintiff Nicole Cashell's Motion for Extension of Time and to Appoint Counsel. As explained below, the Court **DENIES** Plaintiff's Motion [Doc. 6].

On November 12, 2024, Plaintiff filed her Complaint and moved to proceed *in forma pauperis* ("IFP"). On February 10, 2025, the Court granted Plaintiff's Motion to Proceed IFP and ordered the United States Marshal to serve a copy of the Complaint on Defendant.

The Court first addresses Plaintiff's request for an extension of time. On February 24, 2025, Plaintiff moved for a three-week extension of time "to compile and submit the

1

necessary documents to the court."[1] It is unclear to the Court what deadline and what documents Plaintiff is referencing. Plaintiff's only current deadlines are those contained in the Court's Rules 16 and 26 Order.[2] Accordingly, Plaintiff's Motion for Extension of Time is denied.

Plaintiff also appears to request for the Court to appoint her counsel. A civil plaintiff has no constitutional right to counsel, but the district court may appoint one for an indigent plaintiff.[3] However, a district court is only justified in appointing counsel in "exceptional cases, such as the presence of facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner."[4] "Where the facts and issues are simple, he or she usually will not need such help."[5] The Court "has broad discretion in determining whether such circumstances exist."[6] After reviewing the record and pleadings in this case, the Court finds there are no "exceptional circumstances" warranting the appointment of counsel. This case is not so complex legally or factually as to prevent Plaintiff from presenting the essential merits of her position to the Court. Thus,

---

[1] Motion for Extension of Time and to Appoint Counsel [Doc. 6].
[2] Rules 16 and 26 Order [Doc. 11].
[3] *See* 28 U.S.C. § 1915(e)(1); *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).
[4] *Vickers v. Georgia*, 567 F. App'x 744, 749 (11th Cir. 2014) (per curiam) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)).
[5] *Kilgo*, 983 F.2d at 193.
[6] *Vickers*, 567 F. App'x at 749 (citing *Smith v. Fla. Dep't of Corrs.*, 713 F.3d 1059, 1063 (11th Cir. 2013)).

the Court will not appoint counsel for Plaintiff. Accordingly, Plaintiff's Motion for Extension of Time and to Appoint Counsel [Doc. 6] is **DENIED**.

**SO ORDERED,** this 11th day of April, 2025.

                                                  s/ C. Ashley Royal_____
                                                  C. ASHLEY ROYAL, SENIOR JUDGE
                                                  UNITED STATES DISTRICT COURT